IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALEXANDER OTTONIEL LAZO,  ) | |
| ID # 47142-177, ) | |
|     Movant, ) | No. 3:16-CV-2385-M (BH) |
| vs. ) | No. 3:13-CR-466-M (2) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251,* this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to stay should be **DENIED**.

**I. BACKGROUND**

Alexander Ottoniel Lazo ("Movant"), an inmate in the federal prison system, filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence. (Doc. 1.) The respondent is the United States of America ("Government").

On October 22, 2013, Movant was charged in a criminal complaint with conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846. (*See* doc. 1.)[1] He was indicted for the same offense on November 20, 2013. (*See* doc. 37.) After pleading guilty, he was sentenced to 70 months' imprisonment, followed by a three-year term of supervised release, to be served consecutively to his state sentences for probation revocations, by judgment entered on September 2, 2014. (*See* doc. 256.) He did not appeal.

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal case.

In his § 2255 motion, Movant challenges a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) (two-level increase "if a dangerous weapon (including a firearm) is possessed"), citing *Johnson v. United States*, 135 S.Ct. 2551 (2015). On August 18, 2016, it was recommended that the § 2255 motion be denied with prejudice as barred by the statute of limitations. (*See* doc. 3). Movant now moves for a stay pending the Supreme Court's decision in *Beckles v. United States*, No. 15-8544 (June 27, 2016), and *Mathis v. United States*, 136 S.Ct. 2243 (2016). (*See* doc. 6.)

## II. MOTION TO STAY

The motion to stay asks this case be stayed pending the decision of the United States Supreme Court in *Beckles v. United States*, No. 15-8544 (*cert. granted* June 27, 2016). As noted in footnote 2 of the recommendation for dismissal (doc. 3), the Supreme Court has granted certiorari to determine whether *Johnson* should also apply to the sentencing guidelines and, if so, whether it should apply retroactively to cases on collateral review. Because the sentencing guideline at issue in this case does not include language similar to that in the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), (2)(B), which was at issue in *Johnson*, this case will not be affected by *Beckles*.

The motion also asserts this case may be affected by *Mathis*, which apparently refers to *Mathis v. United States*, 136 S.Ct. 2243 (2016). In *Mathis*, the Supreme Court set out the methodology to determine whether a prior conviction was for a violent felony for purposes of sentencing enhancement. Here, the sentencing enhancement was for possession of a dangerous weapon and not for a prior violent felony conviction, and this case is not affected by *Mathis*.

## III. RECOMMENDATION

The motion to stay should be **DENIED**.

**SIGNED this 6th day of October, 2016.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE